**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MARINA DISTRICT | : | |
| DEVELOPMENT COMPANY, | : | |
| LLC d/b/a BORGATA HOTEL | : | |
| CASINO & SPA, | : | Hon. Joseph H. Rodriguez |
| | : | |
| Plaintiff, | : | Civil Action No. 19-cv-17180 |
| | : | |
| v. | : | **OPINION** |
| | : | |
| GAUHAR S. JAMIL | : | |
| a/k/a JAMIL S. GAUHAR | : | |
| | : | |
| Defendant. | : | |

This matter comes before the Court on Defendant's Motion to Dismiss Count Three of the Amended Complaint pursuant to Fed. R. Civ. Pro. 12(b)(6), [Dkt. No. 4]. Having considered the parties' submissions, the Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated below, the Court will deny Defendant's Motion to Dismiss.

I.     <u>Background</u>

This case concerns outstanding casino debt allegedly due and owing to Plaintiff. [Dkt. 1-3, Compl. ¶ 7]. Plaintiff, Development Company, LLC d/b/a Borgata Hotel Casino & Spa ("Plaintiff or Borgata"), operates a casino/hotel/entertainment complex in Atlantic City, New Jersey. According to the Complaint, Mr. Gauhar Jamil ("Defendant") "drew down on his line of credit at Borgata by endorsing two (2) separate counter-checks totaling One Million Seven Hundred Thousand Dollars ($1,700,000,00)." (<u>Id.</u> at ¶ 3). When Plaintiff proceeded to deposit Defendant's counter-checks, they were

1

returned unpaid for insufficient funds. (<u>Id.</u> at ¶¶ 4-5). Plaintiff has attempted to recover the One Million Seven Hundred Thousand Dollars ($1,700,000,00), but Defendant has made no payments with respect to this debt. The full amount is due and owed to Plaintiff together with interest. (<u>Id.</u> at ¶¶ 6-7).

Plaintiff filed a Complaint and Amended Complaint with the Superior Court of New Jersey, Law Division, Atlantic County on July 25, 2019. [Dkt. No. 1-3]. The Amended Complaint asserts claims against Defendant for breach of contract (Count One), unjust enrichment (Count Two), and fraud (Count Three). (<u>Id.</u>) Defendant removed the matter to this Court on August 26, 2019. [Dkt. No. 1]. Soon after, Defendant filed a Motion to Dismiss Count Three of the Amended Complaint for failure to state a claim. [Dkt. No. 4]. That motion is fully briefed. [Dkt. Nos. 6, 8].

## II.   <u>Standard of Review</u>

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration. <u>See</u> <u>Chester County Intermediate Unit v. Pa. Blue Shield</u>, 896 F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. <u>Bogosian v. Gulf Oil Corp.</u>, 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. <u>Watson v. Abington Twp.</u>, 478 F.3d 144, 150 (2007). Instead, the Court simply asks whether the plaintiff has

articulated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")). Accord Iqbal, 556 U.S. at 678-80 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth). Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citations omitted). See also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679.

Rule 9(b) requires that plaintiff plead the details of the alleged "circumstances" of the fraud with specificity sufficient to "place defendants on notice of the precise misconduct with which they are charged." Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984). To that end, "[a]lthough the rule states that [m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally, and does not require the plaintiff to plead every material detail of the fraud, the plaintiff must use alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Argabright v. Rheem Mfg. Co., 201 F. Supp. 3d 578, 590–91 (D.N.J. 2016) (quoting In re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d 198, 216 (3d Cir. 2002) (internal quotations and citations omitted)). At a minimum, a plaintiff "must allege who made a misrepresentation to whom and the general content of the misrepresentation." Lum v. Bank of Am. ., 361 F.3d 217, 224 (3d Cir. 2004).

III.   Analysis

In order to state a claim for fraud under New Jersey law, a plaintiff must allege (1) a material misrepresentation of fact; (2) knowledge or belief by the defendant of its falsity; (3) intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damage. Frederico v. Home Depot, 507 F.3d 188,

4

200 (3d Cir. 2007) (citing Gennari v. Weichert Co. Realtors, 691 A.2d 350, 367-368 (N.J. 1997). Misrepresentation and reliance are the hallmarks of any fraud claim. Banco Popular North America v. Gandi, 184 N.J. 161, 876 A.2d 253, 261 (N.J. 2005).

The pleading requirements for fraud are more stringent and receive greater scrutiny on a motion to dismiss. Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Pursuant to Rule 9(b), a plaintiff must plead "with particularity 'the circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior.'" Lum v. Bank of Am., 361 F.3d 217, 223–24 (3d Cir. 2004) (quoting Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984)). The heightened pleading standard required by Rule 9(b) applies to claims of fraud brought under New Jersey law. Frederico, 507 F.3d at 200. Here, Defendant submits that Plaintiff fails to plead its fraud claim with the requisite particularity.

There are two ways to satisfy the particularity requirement. See Lum, 361 F.3d at 224. First, a plaintiff may plead the "date, place or time" of the fraudulent act. Id. (quoting Seville, 742 F.2d at 791) (internal quotations omitted). Second, a plaintiff may use "alternative means [to] inject [ ] some measure of substantiation into their allegations of fraud." Id. (internal quotations omitted). Still, the plaintiff must plead enough to substantiate the allegations of fraud being made and may not rely on "conclusory statements." NN & R, Inc. v. One Beacon Ins. Group, 362 F.Supp.2d 514, 518 (D.N.J. 2005) (quoting Mordini v. Viking Freight, Inc., 92 F.Supp.2d 378, 385

(D.N.J. 1999)). At a minimum, a plaintiff "must allege who made a misrepresentation to whom and the general content of the misrepresentation." <u>Lum</u>, 361 F.3d at 224.

In the present case, Plaintiff alleges who made the alleged misrepresentations, to whom they were made, when they were made, and the general content of the misrepresentations. Plaintiff alleges that Defendant made material misrepresentations of fact to the Borgata at the time he endorsed the counter-checks—June 2, 2019 and June 3, 2019. (Compl. ¶ 3, Count Three ¶ 2). Specifically, Plaintiff claims that Defendant "represented to Borgata that there would be sufficient funds in his account to cover the full amount of the checks and took other actions in tendering the aforementioned checks to Borgata which were intended to represent to Borgata that there would be sufficient funds in his bank account to satisfy the counter-checks and that the account would be open and in good standing when in fact [Defendant] knew that Borgata would not be able to redeem the counter-checks from the account in question." (<u>Id.</u> at Count Three ¶ 2). Count Three also alleges that Defendant represented to Plaintiff that he would honor the counter-checks. Indeed, Plaintiff pled that Defendant represented, in writing, the following: "I represent that I have received cash or a cash equivalent and I make this representation with the knowledge that MDDC will rely upon the fact that I have and will have available funds in said bank or trust company to honor this countercheck. If dishonored interest will be added at 12% per annum." (<u>Id.</u> Count three ¶¶ 3-4).

Therefore, Plaintiff has adequately pled that Defendant made material misrepresentations of present or past fact. Additionally, Plaintiff pleads that Defendant made such representations knowing they were false, with the intent that the Borgata rely on them. (<u>Id.</u> at ¶ 5). Defendant argues, however, that Plaintiff merely concludes that Defendant committed fraud, failing to "plead specifically the circumstances regarding

the alleged signing of the counterchecks, such as to the degree of [his] intoxication and knowledge." [Dkt. No. 4-1 at p. 10]. He further contends that "Plaintiff does not put forth any measurable method to demonstrate that the Defendant acted with the intent to deceive." [Dkt. No. 8 at p. 5].

Rule 9(b) requires that plaintiff plead the details of the alleged "circumstances" of the fraud with specificity sufficient to "place defendants on notice of the precise misconduct with which they are charged." Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984). Plaintiff is not required to "plead every material detail of the fraud." Argabright v. Rheem Mfg. Co., 201 F. Supp. 3d 578, 590–91 (D.N.J. 2016) (quoting In re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d 198, 216 (3d Cir. 2002) (internal quotations and citations omitted)). Notably, Plaintiff is also not required to plead a "measurable method" to prove intent; rather intent and other conditions of a person's mind may be alleged generally. Id. The Court finds that Plaintiff has sufficiently put Defendant on notice of the misconduct with which he is charged; and therefore, has adequately pled fraud in accordance with heightened pleading standards.

Even if the Complaint sufficiently pleads fraud under Rule 9(b), Defendant further contends that Plaintiff's fraud claim is barred by the economic loss doctrine. The Court disagrees. Under the economic loss doctrine, plaintiffs cannot recover "in tort economic losses to which their entitlement only flows from a contract." Duquesne Light Co. v. Westinghouse Elec. Co., 66 F.3d 604, 618 (3d Cir. 1995). "The economic loss doctrine is designed to place a check on limitless liability. . . and establish clear boundaries between tort and contract law." Werwinski v. Ford Motor Co., 286 F.3d 661, 680 (3d Cir. 2002).

7

Generally, claims for fraud are allowed to proceed together with breach of contract claims "where there exists fraud in the inducement of a contract or an analogous situation based on pre-contractual misrepresentations,' as opposed to an allegation of fraud in the performance of the contract." Bell Container Corp. v. Palagonia Bakery Co. Inc., No. CV 19-6545, 2019 WL 8105297, at *4 (D.N.J. Dec. 26, 2019) (quoting Wilhelm Reuss GmbH & Co KG, Lebensmittel Werk v. E. Coast Warehouse & Distrib. Corp., No. 16-4370, 2018 WL 3122332, at *5 (D.N.J. June 26, 2018)); see also Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co., 226 F. Supp. 2d 557, 563 (D.N.J. 2002). Stated another way, plaintiffs may assert fraud in the inducement when the "underlying allegations involve misrepresentations unrelated to the performance of the contract but rather precede the actual commencement of the agreement." Chen v. HD Dimension, Corp., No. CIV.A. 10-863, 2010 WL 4721514, at *8 (D.N.J. Nov. 15, 2010) (citations omitted).

Here, Defendant argues that Plaintiff's fraud claim is intrinsic to its breach of contract claim. In support, Defendant cites to State Capital Title & Abstract Co. v. Pappas Bus. Servs., LLC, 646 F. Supp. 2d 668 (D.N.J. 2009). In State Capital, plaintiff and defendant entered into a contract wherein defendant agreed, inter alia, to assume certain contract negotiations on behalf of the plaintiff. Id. at 676. After entering into this agreement, the defendant engaged a company, CSC, and "represented to Plaintiff that he had negotiated in good faith with CSC and had secured a contract at the 'best possible price for State Capital.'" Id. But the plaintiff later learned that defendant had entered into its own payment agreement with CSC, which defendant denied when confronted. Id. at 675. The plaintiff alleged that such actions, which "occurred months after Plaintiff and Defendants executed their contract," constituted fraud. Id. at 677. The court found

8

that it could not "de-couple" the fraud allegations from the obligations under the contract, and held the fraud at issue was intrinsic to the breach of contract claim and therefore, barred by the economic loss doctrine. Id.

To be sure, "the dividing line between extrinsic and intrinsic fraud claims may be fuzzy." Network Commodities, LLC v. Golondrinas Trading Co., LTD., No. CIV. 11-3119, 2013 WL 1352234, at *8 (D.N.J. Apr. 1, 2013) (quoting Touristic Enterprises Co. v. Trane Inc., No. 09–02732, 2009 WL 3818087, at *3 (D.N.J. Nov.13, 2009)). Nonetheless, at this stage, the Court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in a light most favorable to plaintiff. In doing so, the Court finds that Plaintiff has adequately pled pre-contractual misrepresentations, so as to preclude dismissal of Count Three. According to the Complaint, here, unlike in State Capital, Defendant's alleged misrepresentations were not made after the parties executed a contract, rather they were made at the time the parties entered into the contract. "New Jersey courts, and the courts of this District, recognize a distinction between a misrepresentation made by the promisor at the time of contracting, which induces the promisee to enter into the contract, and the promisor's subsequent failure to perform in accordance with the parties' contract." Radici v. ICF Mercantile, LLC, No. CIV.A. 14-7133, 2015 WL 2125699, at *4 (D.N.J. May 6, 2015) (citation omitted).

Furthermore, the alleged fraud is separate from the obligations under the parties' contract. Plaintiff's breach of contract claim rests on Defendant's failure to pay monies owed to Plaintiff. (See Compl. Count One). Plaintiff's fraud claim, however, arises out of Defendant's representations to Plaintiff that he possessed sufficient funds in his bank account. Plaintiff alleges that Defendant's representations were intended to signify to the Borgata that his account was sufficient to satisfy counter-checks, which Plaintiff

relied on in issuing a large credit to Defendant. (Id. at Count Three ¶ 2, 8). A liberal reading of such allegations establishes fraud in the inducement—that Defendant induced Borgata to issue credit, and provide Defendant with the funds he not only represented he had, but would honor. (Id. at Count Three ¶ 8); see Emerson Radio Corp. v. Orion Sales, Inc., Docket No. 95-6455, 2000 WL 49361 (D.N.J. Jan. 10, 2000), aff'd in part, rev'd in part on other grounds, 253 F.3d 159 (3d Cir. 2001) ("[T]o falsely state that one intends to honor a promise is a misstatement of present fact and breaches a separate and extraneous duty not to commit fraud. (citations omitted)). Accordingly, the economic loss doctrine does not preclude Plaintiff's fraud claim under Count Three.

## I.   Conclusion

For the forgoing reasons, Defendant's Motion to Dismiss Count Three pursuant to 12(b)(6) will be denied.

An appropriate order shall issue.

Dated: May 27, 2020

    /s/ Joseph H. Rodriguez

Hon. Joseph H. Rodriguez,
UNITED STATES DISTRICT JUDGE